# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIDELITY & GUARANTY LIFE INSURANCE CO., a Maryland insurance company,<br><br>                            Plaintiff,<br>   v.<br><br>JAMES ALBERTSON, an individual,<br><br>                            Defendant.<br><br>JAMES O. ALBERTSON,<br><br>                    Cross-Complainant,<br>   v.<br><br>OLD MUTUAL FINANCIAL NETWORK F/K/A/ FIDELITY AND GUARANTY LIFE INSURANCE CO. AND DOES 1-10,<br><br>                    Cross-Defendant. | CASE NO. 07cv00045 BTM(LSP)<br><br>**ORDER GRANTING MOTION TO DISMISS THIRD, FOURTH, AND FIFTH CLAIMS FOR RELIEF OF THE CROSS-COMPLAINT** |

      Fidelity & Guaranty Life Insurance Co. ("Fidelity") has filed a motion to dismiss the third, fourth, and fifth claims for relief in the Cross-Complaint filed by James O. Albertson ("Albertson"). For the reasons discussed below, Fidelity's motion is **GRANTED**.

## I. BACKGROUND

      This action arises out of a dispute between Albertson and Fidelity over life insurance proceeds. Albertson was the named beneficiary on a life insurance policy between Fidelity and Luis Plascencia ("Plascencia"), who is now deceased. According to Fidelity, Plascencia made material misrepresentations regarding his medical history and criminal record on his application for the policy. Fidelity contends that it would not have issued the life insurance

1 policy had Plascencia been truthful on the application. In its Complaint, Fidelity seeks
2 declaratory relief and rescission of the insurance contract under a two-year contestability
3 clause.

4     Albertson filed a Cross-Complaint. In the Cross-Complaint, Albertson alleges, *inter
5 alia*, that Plascencia was non-fluent in English and was functionally illiterate and, therefore,
6 was incapable of making any material misrepresentations. (Cross-Compl. ¶ 9.) Albertson
7 further alleges that F&G's agent, not Plascenica, completed the insurance application.
8 Albertson asserts the following five claims for relief: (1) breach of contract; (2) breach of the
9 implied covenant of good faith and fair dealing; (3) waiver; (4) estoppel; and (5) reformation.

## II. DISCUSSION

12     Fidelity moves to dismiss Albertson's third, fourth, and fifth claims for relief. The Court
13 grants Fidelity's motion in its entirety.

14     Albertson's third and fourth claims for "waiver" and "estoppel" are affirmative defenses,
15 not causes of action. See Fed. R. Civ. P. 8(c). See also Continental Airlines, Inc. v. Intra
16 Brokers, Inc., 24 F.3d 1099, 1103 (9th Cir. 1994) ("Estoppel is an affirmative defense, for
17 which the defendant bears the burden of proof"); Intel Corp. v. Hartford Accident & Indemnity
18 Co., 952 F.2d 1551, 1559 (9th Cir. 1991) (explaining that waiver is an affirmative defense).
19 Albertson has already asserted an affirmative defense of waiver (Third Defense). Therefore,
20 the cross-claim for waiver shall be dismissed. The Court shall treat the estoppel claim as an
21 additional affirmative defense. See Fed. R. Civ. P. 8(c).

22     Albertson's fifth claim for relief is dismissed because the facts alleged do not support
23 a claim for reformation. California Civil Code § 3399 provides that a contract may be revised
24 "[w]hen, through fraud or a mutual mistake of the parties, or a mistake of one party, which
25 the other at the time knew or suspected, a written contract does not truly express the
26 intention of the parties . . . ." The purpose of reformation is to make a contract express the
27 *true single intention* of the parties. American Home Ins. Co. v. Travelers Indemnity Co., 122
28 Cal. App. 3d 951, 963 (1981). "Although a court of equity may revise a written instrument

to make it conform to the real agreement, it has no power to make a new contract for the parties, whether the mistake be mutual or unilateral." Id. (quoting Shupe v. Nelson, 254 Cal. App. 2d 693, 700 (1967)).

According to Albertson, due to Plascencia's inability to communicate in English and Fidelity's failure to make further inquiries, the application did not include the information regarding Plascencia's medical and criminal history. Albertson asks the Court to "correctly answer the questions in the application and adjust the policy L0168467 premium/benefit payment ratio in accordance with equitable principles." (Opposition at 14.)

However, under the facts alleged by Albertson, there never was a "single intention" or "real agreement" to insure Plascencia at a lower death benefit and/or higher premium in light of his medical and criminal history. Whether Fidelity should have known that Plascencia could not communicate in English and/or should have conducted a further investigation, the fact remains that Fidelity did not know about Plascencia's medical and criminal history. Any misconduct on the part of Fidelity with respect to the failure to conduct further inquiries may entitle Albertson to some form of equitable relief but does not support a claim for reformation. The Court cannot write a new life insurance policy for the benefit of Albertson. Accordingly, Albertson's cross-claim for reformation is dismissed.

**CONCLUSION**

For the reasons discussed above, Fidelity's motion to dismiss is **GRANTED**. The third, fourth, and fifth claims for relief in the Cross-Complaint are **DISMISSED** for failure to state a claim. The fourth claim for estoppel shall be redesignated as an additional affirmative defense.

**IT IS SO ORDERED.**

DATED: November 26, 2007

Honorable Barry Ted Moskowitz
United States District Judge