# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIDELITY & GUARANTY LIFE INSURANCE COMPANY, a Maryland Insurance Company,<br><br>　　　　　　　　　　　　　Plaintiff,<br>vs.<br>JAMES O. ALBERTSON, an individual,<br>　　　　　　　　　　　　　Defendant. | CASE NO. 07CV00045 BTM(LSP)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS AND DENYING AS MOOT MOTION TO STRIKE** |
| JAMES O. ALBERTSON<br>　　　　　　　　　　　Counter-Claimant<br>vs.<br>OLD MUTUAL FINANCIAL NETWORK F/K/A FIDELITY AND GUARANTY LIFE INSURANCE CO., MARK HUNTON AND DOES 1-10,<br>　　　　　　　　　　　Counter-Defendants | |

　　　　Mark Hunton ("Hunton") has filed a motion to dismiss James Albertson's First Amended Counterclaim pursuant to Fed. R. Civ. P. 12(b)(6). Fidelity & Guaranty Life Insurance Company ("F&G") has filed a motion to strike. For the reasons discussed below, Hunton's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**, and F&G's motion to strike is **DENIED AS MOOT**.

## I. BACKGROUND

This action arises out of a dispute between Albertson and F&G over life insurance proceeds. Albertson was the named beneficiary on a life insurance policy between F&G and Luis Plascencia ("Plascencia"), who is now deceased. (Albertson also obtained a life insurance policy from F&G and named Plascencia as the beneficiary. Albertson's life insurance policy is not in dispute.) According to F&G, Plascencia made material misrepresentations regarding his medical history and criminal record on his application for the policy. F&G contends that it would not have issued the life insurance policy had Plascencia been truthful on the application. In its Complaint, F&G seeks declaratory relief and rescission of the insurance contract under a two-year contestability clause.

In his First Amended Counterclaim ("FAC"), Albertson alleges, inter alia, that Plascencia was non-fluent in English and was functionally illiterate and, therefore, was incapable of making any material misrepresentations. According to Albertson, Hunton, an agent for F&G as well as an insurance agent for Plascencia and Albertson, fraudulently represented to Albertson that he was fluent in Spanish and could translate the policy application and Plascencia's responses thereto. Albertson alleges that Hunton filled out the application for Plascencia even though he could not speak Spanish and knew that Plascencia did not understand the application, causing a substantial likelihood that the recorded responses would be inaccurate.

The FAC asserts the following causes of action: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) negligence; (4) negligence per se; and (5) fraud (against Hunton only).

## II. DISCUSSION

Hunton moves to dismiss all of Albertson's claims against him for failure to state a claim. F&G moves to strike portions of the negligence per se claim. The Court grants the motion to dismiss as to the breach of contract and breach of the implied covenant of good faith and fair dealing claims against Hunton and the negligence per se claim against Hunton

and F&G, but denies the motion as to the negligence and fraud claims. The Court denies F&G's motion to strike as moot in light of the dismissal of the negligence per se claim.

A. <u>Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing</u>

Hunton argues that the breach of contract claims fail to state a claim against him because he was not a party to the insurance contract. The Court agrees. According to the FAC, Hunton was an insurance agent. An insurance agent is not a party to an insurance contract and cannot be held liable for breach of contract or breach of the covenant of good faith and fair dealing as a matter of law. <u>Minnesota Mutual Life Ins. Co. v. Ensley</u>, 174 F.3d 977, 981 (9th Cir. 1999). Therefore, the Court grants the motion to dismiss the breach of contract and breach of the implied covenant of good faith and fair dealing claims against Hunton.

B. <u>Negligence</u>

Hunton moves to dismiss the negligence claim against him on the ground that he cannot be held personally liable for acts he performed as an agent for F&G. Under California law, an agent for an insurance company is not personally liable for acts he performed within the scope of his agency, provided there was full disclosure of the principal. <u>Lippert v. Bailey</u>, 241 Cal. App. 2d 376, 382 (1966).

However, when a defendant is a dual agent – i.e., an agent for the insurance company and the insured – the defendant may be held liable for breaching the duty of reasonable care owed to the insured. <u>Kurtz, Richards, Wilson & Co, Inc. v. Ins. Communicators Marketing Corp.</u>, 12 Cal. App. 4th 1249, 1258 (1993). Where a dual agency is alleged, the existence of a dual agency is a question for the trier of fact. <u>Id.</u>

Albertson alleges that Hunton was a dual agent who acted as an agent for F&G as well as Albertson and Plascencia. (FAC, ¶ 18.) Hunton argues that the FAC does not set forth facts establishing that Hunton was a dual agent. However, detailed facts proving dual agency are not required at the pleading stage. By alleging dual agency, Albertson has

established a basis for his negligence claim. Therefore, Hunton's motion to dismiss is denied as to the negligence claim.

C. <u>Negligence Per Se</u>

Albertson's negligence per se claim is premised on F&G and Hunton's ("Counter-defendants") alleged violations of the Unruh Act, Cal. Civ. Code § 1801, <u>et seq.</u>, and Cal. Ins. Code § 10508. Hunton moves to dismiss and F&G moves to strike the neligence per se claim on the ground that there has been no violation of either of these statutes. The Court agrees.

Albertson alleges that Counter-defendants failed to deliver to Plascencia a Spanish translation of the contract in violation of Cal. Civ. Code § 1632(b), which applies to contracts subject to the Unruh Act, Cal. Civ. Code § 1801, <u>et seq.</u> The Unruh Act governs retail installment sales. A "retail installment sale" is "the sale of goods or the furnishing of services by a retail seller to a retail buyer for a deferred payment price payable in installments." Cal. Civ. Code § 1802.5. A "retail installment contract" is defined as a contract for a retail installment sale which provides for (1) repayment in installments, subject to a finance charge or other consideration, or (2) payment in more than four installments.

An insurance contract is not a "retail installment contract" within the meaning of the Unruh Act if the insured is under no obligation to continue paying premiums and can terminate the policy at any time. <u>Crawford v. Farmers Group, Inc.</u>, 160 Cal. App. 3d 1164, 1169 (1984). In <u>Crawford</u>, the plaintiff purchased a policy that was priced according to a six-month term. However, the plaintiff was not obligated to make complete payment for the six-month period. As long as she paid the monthly premium and service charge, she was covered for that month. She could terminate the policy without further obligation to defendants by not paying the next month's premium. Therefore, the court reasoned, the insurance company did not extend any credit, and the insurance policy was not covered by the Unruh Act. <u>See also</u> <u>Mackey v. Bristol West Ins. Serv. of California, Inc.</u>, 105 Cal. App. 4th 1247 (2003) (holding that monthly insurance policy without obligation to pay or purchase

beyond that month was not a "retail installment sale").

Here, Plascencia's premium was calculated on an annual basis. (Policy (Ex. B to Compl.))[1] He was permitted to pay on a semi-annual, quarterly, monthly, or bi-weekly basis. The policy provides that if a premium is not paid within a 31-day grace period after the premium due date, the policy will terminate as of the premium due date. (Policy at 9.) The policy does not require that the entire annual premium be paid or that the premiums be paid throughout the 15-year policy term. Therefore, the insurance policy does not constitute a "retail installment sale" within the meaning of the Unruh Act, and Cal. Civ. Code § 1632(b) is inapplicable.

In his opposition to the motion to strike, Albertson cites to cases concerning the applicability of the Unruh *Civil Rights* Act, Cal. Civ. Code § 51, to insurance policies. The Unruh Civil Rights Act is a completely different statute than the Unruh Act (Retail Installment Sales). If Albertson actually intends to make a claim that Counter-defendants violated the Unruh Civil Rights Act by discriminating against Plascencia on the basis of his race, color, or national origin, Albertson may amend the Counterclaim to add such a claim.

Albertson also alleges that Counter-defendants violated Cal. Ins. Code §10508 by failing to timely provide the original insurance application. Section 10508 requires every insurer admitted in California to transact life and/or disability insurance to maintain certain records, including the "original application for each insurance policy or contract sold in this state," for the inspection and examination of the Insurance Commissioner.

The FAC alleges that "Mark Hunton lost essentially half of his copies of the life insurance application and F&G only recently disclosed the existence of the alleged original in an untimely manner." (FAC ¶ 65.c.) However, Hunton, an insurance agent, is not an "insurer" governed by section 10508. As for F&G, Albertson admits that F&G produced the original application. Therefore, F&G maintained the original application as required by

---

[1] The policy itself was not attached to the FAC. However, the FAC refers to the policy and Albertson does not challenge the authenticity of the policy attached to the Complaint. Therefore, the Court can properly consider the policy. Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994).

section 10508. The statute does not require that the insurer produce the records described in the section to the insured or beneficiaries within any specified amount of time.

Because Counter-defendants have not violated the Unruh Act, Cal. Civ. Code § 1801, et seq., or Cal. Ins. Code § 10508, the sole bases for Albertson's negligence per se claims, the Court dismisses the negligence per se claim.

D. Fraud

Hunton seeks dismissal of the fraud claim on the ground that it lacks the specificity required by Fed. R. Civ. P. 9(b). The Court disagrees.

Under the heightened pleading standard of Rule 9(b), "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." Vess v. Ciba-Geigy Corp., USA, 317 F.3d 1097, 1106 (9th Cir. 2003). Albertson has sufficiently complied with these requirements. The FAC alleges that at the time Plascencia and Albertson applied for their respective life insurance policies, Hunton represented to Albertson and Plascencia that he could translate the application to Plascencia. (FAC ¶ 81.) Hunton assured Albertson and Plascencia that the insurance policy would be honored if the premium payments were made. (Id.) However, Hunton knew that he could not speak Spanish and that Plascencia did not know enough English to understand the application, creating a substantial risk that material responses would be inaccurate, resulting in denial of benefits by F&G. (FAC ¶ 81.) Hunton's intentional misrepresentation induced Albertson and Plascencia into allowing Hunton to fill out Plascencia's application without the aid of a translator. (FAC ¶ 88.) Albertson has suffered resulting damage because F&G claims that Plascencia made material misrepresentations in his application and seeks rescission of the contract. These allegations are detailed enough to satisfy the pleading requirements of Rule 9(b). Therefore, the Court denies the motion to dismiss as to the fraud claim.

Albertson also alleges that during Hunton's deposition, Hunton made the fraudulent statement that Albertson acted as Plascencia's translator during the application process. (FAC ¶¶ 86-87.) Albertson alleges that Hunton lied about Albertson acting as the translator

because he wanted to induce Albertson to settle with F&G quickly for an amount well under the limits of the policy and wanted to prevent Albertson from joining him as a party to the lawsuit. (FAC ¶¶ 93, 95.) However, Hunton's deposition testimony is probably absolutely privileged under California's litigation privilege, Cal. Civ. Code § 47(b), which applies to all torts other than malicious prosecution. Harris v. King, 60 Cal. App. 4th 1185, 1187-88 (1998). Moreover, Albertson cannot claim justifiable reliance or resulting damage, essential elements of a fraud claim, because Albertson did not settle with F&G and filed the FAC against Hunton. See Bank of the West v. Valley Nat. Bank of Arizona, 41 F.3d 471, 477 (9th Cir. 1994). Accordingly, Albertson's fraud claim is limited to Hunton's alleged misrepresentation that he had the ability to act as a translator for Plascencia.

### III. CONCLUSION

For the reasons discussed above, Hunton's motion to dismiss is **DENIED IN PART** and **GRANTED IN PART**. The breach of contract claim against Hunton, the breach of the implied covenant of good faith and fair dealing claim against Hunton, and the negligence per se claim against Hunton and F&G are **DISMISSED**. In addition, the fraud claim is **DISMISSED** to the extent that it is based on Hunton's deposition testimony. As to all other claims, the motion to dismiss is **DENIED**. F&G's motion to strike the negligence per se claim is **DENIED AS MOOT**. Albertson may file a Second Amended Counterclaim within thirty days of the filing of this order if Albertson wishes to plead a claim under the Unruh Civil Rights Act.

**IT IS SO ORDERED.**

DATED: November 10, 2008

Honorable Barry Ted Moskowitz
United States District Judge